NOT FOR PUBLICATION                                      (Doc. Nos. 6, 7, 18)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| _____ : | |
| RITA DICKERSON, : | |
| : | |
| Plaintiff, : | Civil No. 12-03922 (RBK/KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| BANK OF AMERICA, N.A. : | |
| : | |
| Defendant. : | |
| _____ : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Bank of America, N.A.

("Defendant") to dismiss the complaint of Rita Dickerson ("Plaintiff").  Defendant moves to

dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and for

lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and

12(b)(1), respectively.  In addition to her complaint, Plaintiff has filed a motion to stay

foreclosure pending the outcome of trial and a motion for pro bono counsel.  For the reasons

expressed below, Defendant's motion to dismiss is **GRANTED**.

## I.      BACKGROUND

On March 15, 2006, Plaintiff entered into a mortgage loan with Precision Financial, Inc.

and used the loan proceeds to refinance her house in Chesilhurst, New Jersey.  Unfortunately,

Plaintiff defaulted in her mortgage payments and on May 17, 2010, a foreclosure complaint was

filed for the property in the Camden County Chancery.  On August 10, 2010, a default was

entered against Plaintiff.  The foreclosure action remains pending before the Superior Court of New Jersey and final judgment has not yet been entered.

Plaintiff now asserts claims against Defendant, demanding relief in the form of "a clear title to the property in question, compensatory damages in the amount of $77,680 in lower modified payments and 5.7 Million dollars from Bank of America for punitive damages."  Pl. Compl. at 1.  Plaintiff has also filed a motion to stay the foreclosure pending the outcome of trial.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."  In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993).  Because the Court concludes that the doctrine of Younger abstention compels dismissal, further discussion of the legal standard for Rule 12(b)(6) is unnecessary.

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)).  "In reviewing a factual attack, the court may consider evidence outside the pleadings."  Id. (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)); see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514

(3d Cir. 2007).  A district court has "substantial authority" to "weigh the evidence and satisfy

itself as to the existence of its power to hear the case."  Mortensen v. First Fed. Sav. & Loan

Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  "[N]o presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from

evaluating for itself the merits of jurisdictional claims."  Id.

Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial

challenge, see Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir.

1983), a "factual challenge under Rule 12(b)(1) may be made prior to service of an answer" if

the defendant contests the plaintiff's allegations.  Knauss v. United States DOJ, No. 10-26-36,

2010 U.S. Dist. LEXIS 108603, at *6 (E.D. Pa. Oct. 7, 2010) (citing Berardi v. Swanson Mem'l

Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)).  When a defendant

raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing

jurisdiction.  Gould Elecs. Inc., 220 F.3d at 176-77.

## III. DISCUSSION

Plaintiff has fashioned her complaint to seek compensatory and punitive damages for

Defendant's allegedly unlawful conduct.  However, even a cursory inspection of the pleading

reveals that Plaintiff actually petitions this Court to enjoin the foreclosure proceedings and force

Defendant to lower her monthly mortgage payment.  On this basis, Defendant challenges the

Court's subject matter jurisdiction and contends that the Court is barred from proceeding under

the doctrine of Younger abstention.  The Court agrees and will dismiss Plaintiff's complaint.

Under the Younger doctrine, espoused in Younger v. Harris, 401 U.S. 37 (1971) and its

progeny, federal courts are generally prohibited from enjoining pending state proceedings absent

extraordinary circumstances.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457

U.S. 423, 431 (1982).  The doctrine only applies if the Court determines that: 1) there are state proceedings that are judicial in nature; 2) the state proceedings implicate important state interests; and 3) the state proceedings afford an adequate opportunity to raise federal claims. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  If these requirements are established, the federal court, out of "a proper respect for state functions," must abstain from hearing the case. See Middlesex, 457 U.S. at 431.

The three Younger requirements are satisfied in this case.  The pending foreclosure action is certainly judicial in nature and the Superior Court of New Jersey provides an adequate forum for review of whatever federal claims Plaintiff may intend to assert.  The state foreclosure proceedings also implicate important state interests.  See Gray v. Pagano, 287 Fed. Appx. 155, 157 (2008) (finding Younger abstention appropriate because "any relief that could be granted by the district court would directly impact [the state's] interest in protecting the authority of its judicial system.").  If the Court permitted Plaintiff's claim to proceed, the Court would essentially be "substituting itself for the State's appellate courts" and would undermine the notion of comity that underlies the Younger abstention doctrine.  Gray, 287 Fed. Appx. at 157; see also Middlesex, 457 U.S. at 431.  Therefore, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.[1]

---

[1]  Under Younger, a Court may interfere with state court proceedings that satisfy the doctrinal elements only if one of four exceptions are met: 1) great and immediate irreparable injury; 2) the state law is flagrantly and patently violative of express constitutional prohibitions; 3) there is a showing of bad faith or harassment; or 4) some other unusual circumstance demands equitable relief.  See Mitchum v. Foster, 407 U.S. 225, 230 (1972) (citing Younger v. Harris, 401 U.S. 37, 46-54 (1971).  None of these exceptions apply to this case.

**III.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff's

motion to stay foreclosure and motion for pro bono counsel are DENIED.  An appropriate order

shall issue today.


Dated:   3/19/2013                                      /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge